**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

ZEHAO DING,

Petitioner,

v.

WARDEN, ADELANTO DETENTION FACILITY, et al.,

Respondents.

No. 5:26-cv-04907-BFM

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Zehao Ding filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on August 26, 2026. (ECF 1 ("Pet.").) The Petition is fully briefed. (ECF 9 ("Answer"); ECF 11 ("Reply").) For the reasons stated below, the Petition is **denied**.

## FACTUAL BACKGROUND

Petitioner is a noncitizen who is currently detained in the Adelanto Detention Facility, within the Central District of California. (Pet. ¶ 9.) He last entered the United States on a nonimmigrant visa in 2020. (Pet. ¶ 36.) Since then, he has lived with his family, maintained stable employment, paid taxes, and developed substantial religious and community ties. (Pet. ¶ 37.) He also filed a request for asylum. (Pet. ¶ 39.) That request is still pending.

On July 27, 2026, ICE arrested him. (Pet. ¶ 43.) On August 18, 2026, Petitioner appeared before an IJ for a custody redetermination. (Pet. ¶ 45.) The IJ declined to order his release, finding Petitioner to be a danger to the community based on Petitioner's two DUI-related arrests. (Pet. ¶ 46.) The first arrest occurred in 2019, and charges were dismissed for lack of sufficient evidence. (Pet. ¶ 46.) The second occurred in January 2026, and no charges were ever filed. (Pet. ¶ 47.) The immigration judge said there was no evidence of rehabilitation. (Pet. ¶ 50.) Petitioner reserved the right to seek review of the IJ's bond decision but apparently has not yet perfected his bond appeal. (ECF 9-2 at 2.)

Petitioner filed a counseled habeas petition arguing that the IJ's conclusion was flawed (Pet. ¶¶ 55-70.) He argues that "unadjudicated accusations [cannot] substitute for individualized factual inquiry into present dangerousness." (Pet. ¶ 62.) He asks for an order of release, or in the alternative, a new bond hearing. (Pet. at 16-17.) Respondents oppose that relief, arguing both that the claim in the Petition is not exhausted and that Petitioner asks nothing more than reweighing of evidence, and thus the claim not within this Court's jurisdiction.

## ANALYSIS

### A. Exhaustion

Respondents argue, first, that the Petition should be dismissed for failure to exhaust. (Answer at 3-7.) Administrative exhaustion is not a jurisdictional requirement for habeas petitions filed under 28 U.S.C. § 2241. As a prudential matter, however, courts typically "require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). Prudential exhaustion should be required where "(1) agency expertise makes agency

consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal citations and quotations omitted).

At the same time, courts "have discretion to waive a prudential [exhaustion] requirement." *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004). A court may waive the exhaustion requirement "when administrative remedies are inadequate or their exercise would be futile, or irreparable injury would result without immediate judicial intervention." *Ward*, 678 F.3d at 1045.

Here, the available avenue for exhaustion would be an appeal of the IJ's bond decision to the Board of Immigration Appeals. Petitioner could have filed such an appeal when the decision was issued last month but did not. (ECF 9-2 at 2 (setting deadline for bond appeal).) Nevertheless, Petitioner urges the Court to excuse his failure to exhaust. He argues, first, that he would face irreparable injury because he is in detention. (Reply at 6-7.) The same could be said of nearly everyone who files a § 2241 petition, and thus acceptance of that reasoning would encourage deliberate bypass of the system Congress created for review of bond decisions. That his detention has occasioned or aggravated medical conditions and required treatment does not sway the Court in light of the other considerations discussed here, given the nature of those conditions.

Second, Petitioner claims appeal would be futile because the BIA cannot "finally" consider his constitutional arguments. (Reply at 6.) Petitioner's claims are, at bottom, arguments that the IJ erred when he concluded that detention was appropriate. That contention is one that is appropriately heard by the BIA, 8 C.F.R. § 1003.19(f), and is in its wheelhouse. As such, even if the BIA cannot "finally" consider the due process claim, it is well-suited, institutionally, to

decide whether an IJ has misapplied its precedents as to what constitutes danger to the community.

Third, Petitioner argues that the relevant record exists and the record would not be improved by pursuing appeal (Reply at 5), but here again, the Court disagrees: what the Court has before it is a Petition that makes allegations regarding the IJ's findings and how he reached them (Pet. ¶¶ 3-5), along with a very brief IJ order that states a conclusion and promises a lengthier analysis if the case is appealed. (ECF 9-2 at 2.) Petitioner bears the burden of demonstrating his entitlement to habeas relief, but at the moment, there is little before the Court that permits meaningful evaluation of how the IJ exercised his discretion. And without concluding that such an evaluation necessarily requires the IJ bond memorandum in every case, the Court cannot agree with Petitioner that the record would not be clearer with such a memorandum in hand.

Weighing all these facts together, the Court concludes that exhaustion should not be excused here.

**B. Jurisdiction**

Respondents argue in the alternative that the Court has no jurisdiction to review the IJ's bond decision. (Answer at 7-8.) It is true that Congress has placed limits on federal courts' review of bond determinations. 8 U.S.C. § 1226. Specifically, § 1226(e) provides that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review." As such, Section 1226(e) precludes a noncitizen from "challenging a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (plurality) (cleaned up).

Nevertheless, federal courts retain jurisdiction to consider constitutional claims or questions of law regarding bond determinations, including "mixed questions" involving the application of law to facts. An immigration court's

determination that a noncitizen presents a danger is such a "mixed question" amenable to federal court review. *See Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024). Although what constitutes dangerousness "is malleable and involves agency discretion," dangerousness is "still a legal standard so long as federal courts can 'assess whether an IJ correctly applied the statutory standard to a given set of facts.'" *Id.* (*quoting Wilkinson v. Garland*, 601 U.S. 209, 221 (2024)). Thus, while the Court lacks jurisdiction over purely discretionary questions, Congress has not entirely stripped this Court of jurisdiction over bond determinations.

With that rubric in mind, the Court must consider whether Petitioner has demonstrated that he is entitled to relief as to that portion of the claim as to which the Court has jurisdiction. Petitioner disclaims that he is arguing that considering arrest records is legal error. (Pet. ¶ 6.) He makes an argument that it would be unreasonable to expect rehabilitation in the case where an arrest did not result in a conviction (Pet. ¶¶ 5, 34), but the Court disagrees with that proposition: the Court cannot say *as a matter of law* that it would be an abuse of discretion to be concerned about an individual with two DUI arrests who had not taken any steps to address alcohol use, simply because those arrests did not ripen into conviction. Petitioner similarly suggests there was some problem with the inputs received by the IJ—that he never heard testimony from Petitioner (Pet. ¶¶ 7, 34, 49, 59)—but nothing before the Court establishes that the IJ somehow limited the evidence that Petitioner could produce.

Taking those three pillars out of Petitioner's argument, his claim is best summarized in the introduction to his Petition: he asks the Court to conclude that an arrest "may justify inquiry but it cannot substitute for one." (Pet. ¶ 6.) Frankly, the Court struggles to distinguish between that argument and the "re-weighing of evidence" that it has no authority to conduct. To the extent that there is some distinction between the two, the Court does not have enough

information before it to find that the IJ abused his discretion, as it has no evidence before it of what the IJ knew about the arrests and his reasoning concerning them.

Thus, taking away the question over which this Court has no jurisdiction—how to weigh the risk to the community posed by two DUI arrests that did not result in convictions—the argument that Petitioner disclaims, and the one the Court rejects, the Court concludes Petitioner has not met his burden of showing that habeas relief is appropriate, and therefore **denies** the Petition. Judgment dismissing the Petition without prejudice shall be entered accordingly.

DATED: September 18, 2026

BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE